Whyte, J.
delivered the opinion of the court,
This is an appeal in the nature of a writ of error, from the circuit court of Davidson county, it appeared from the record, that the county court of Davidson county rendered judgment on a prison bounds bond against the plaintiff, Sumner, as principal, and the plaintifF, Foster, as his security, in favor of the defendant in error, Henry. The condition of said bond as set forth in the record, is in these words: “Now, if the said Joseph J. Sumner shall well and truly keep, and confine himself in the prison *157 rules, and not depart therefrom until discharged by due course of law, then the above obligation to be void, otherwise to remain in full force and effect. Joseph J. Sumner, [seal.] Ephraim H. Foster, [seal.]”
The act of Assembly of 1817, ch. 16, under which this bond was taken, says: “the condition of which bond shall be, that the debtor in said execution, shall well and truly keep within the prison rules established and laid off by the court of the county, until he shall have paid and satisfied the said debt, interest and costs, or shall be discharged by due course of law. ” The above judgment of the county court was rendered by it, upon the motion of Henry, plaintiff below, or against the plaintiffs in error, defendants therein, for the principal, judgment and all interest and cost thereon. From this judgment the plaintiffs in error took an appeal to the circuit court, who affirmed the judgment of the county court, and rendered judgment against them and their security in the appeal, to the amount of the judgment of the county cour-t, with 12 1-2 per cent, interest thereon, &c. &c. This court is of opinion, that there is error in both these judgments; in this, that they being rendered upon motion under the said act of 1817, ch. 16, upon the bond directed by it, and the bond in its condition not conforming to the requisitions of the act, which, as its authority must be pursued and not departed from, it follows, that the present proceeding in taking judgment upon motion, not being according to the course of the common law, is not to be extended by construction, beyond the case prescribed by the statute. The judgment of the circuit court must therefore be. reversed, and the defendant in error pay the costs of both the county court and circuit court, and also of the appeal to this court; and the plaintiffs in error to go hence without day.
Judgment reversed.